# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, | )<br>)<br>)<br>) |
| Plaintiff, | )  CIV NO. 2003-0069 |
| v. | )<br>)<br>) |
| LAMPE, GMBH, and ZUMRO, INC. | )<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Motions for Summary Judgment filed by Defendants Lampe, GMBH and Zumro, Inc. Plaintiff American International Insurance Company of Puerto Rico [hereinafter "American"] opposes such motions.

**I.     Background**

American issued an insurance policy to HOVENSA, LLC [hereinafter "HOVENSA"]. Jacobs Industrial Maintenance Company [hereinafter "Jacobs"] was an additional insured on that policy. On April 21, 2001, Patrick Richards, an employee of Triangle Construction Company was injured at the HOVENSA refinery in St. Croix, Virgin Islands. Richards filed suit against HOVENSA and Jacobs. American and Richards reached a settlement in exchange for a complete release of HOVENSA and Jacobs and an assignment of all claims that Richards had against any manufacturer or distributor of any equipment that might have caused or contributed to Richards' loss.

American filed this action for contribution and indemnity against Defendants Lampe, GMBH

and Zumro, Inc.  Defendants assert *inter alia* in their motions for summary judgment that American cannot satisfy the elements of its claims for contribution or indemnity because American did not discharge their liability.  American responds that it did discharge Defendants' liability in that it allowed Richards' assigned claims against Defendants to expire.

**II.     Discussion**

In a diversity case, this Court looks to the decisions of the Superior Court as a "datum" for ascertaining territorial law.  See Edwards v. HOVENSA, LLC, 2007 WL 2200473, *5 (3d Cir., Aug. 2, 2007).  In In re Kelvin Manbodh Asbestos Litigation Series, 2006 WL 1084317, *1 (V.I. Super. Ct. 2006), involving an action for contribution and indemnification, plaintiff argued, along the same lines as American argues here, that the running of the statute of limitations of the injured parties' claims against the non-settling defendants operated the same as releases from liability so as to constitute discharges of liability.  Although the Superior Court of the Virgin Islands did not resolve this issue for procedural reasons, after substantial analysis it did identify the body of law to apply.

The Superior Court "adopt[ed] the provisions of the Restatement (Third) of Torts: Apportionment of Liability, Topic 3 for the substantive requirements for common law contribution and indemnification."  In re Kelvin Manbodh Asbestos Litigation Series, at *10.  In deference to this Superior Court decision and because the Court agrees with the Superior Court's analysis and conclusion, the Court also adopts such provisions with regards to the substantive requirements for contribution and indemnification.

Restatement (Third) of Torts: Apportionment of Liability § 22 provides, in relevant part:
§ 22.  Indemnity

>   (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
>   . . . .
>   (2) the indemnitee
>   (i) was not liable except vicariously for the tort of the indemnitor, or
>   (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.

Restatement (Third) of Torts: Apportionment of Liability § 23 provides, in relevant part:

>   § 23. Contribution
>
>   (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, unless the other previously had a valid settlement and release from the plaintiff.
>   (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.
>   (c) A person who has a right of indemnity against another person under § 22 does not have a right of contribution against that person and is not subject to liability for contribution to that person.

Thus, a condition for recovery under a claim for either indemnity or contribution is that the liability of the non-settling tortfeasor be discharged "by settlement or discharge of judgment." The underlying matter involved a settlement, not a judgment. According to the Restatement (Third) of Torts: Apportionment of Liability, § 24(a) "[a] settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specified injuries or claims from some or all of the persons who might be liable for those injuries or claims." "[T]he agreement does not discharge any other person from liability." Restatement (Third) of Torts: Apportionment of Liability, § 24(b). Indeed, the release that American obtained on behalf of HOVENSA and Jacobs states that the claims against the manufacturers and distributors of any equipment "are expressly not discharged by virtue of this release and are instead assigned, in full, to [American]."

The settlement that American entered into with Richards did not discharge Defendants Lampe, GMBH or Zumro, Inc. from liability. The term "settlement" as used in this Restatement is not so broad as to encompass the situation in which a settling defendant with an assigned interest in the injured party's causes of action against non-settling tortfeasors, unilaterally allows the expiration of the statute of limitations on such causes of action.

### III.  Conclusion

Because American did not discharged the liability of Defendants Lampe, GMBH and Zumro, Inc. by settlement or discharge of judgment, it cannot establish the substantive requirements for indemnification or contribution. Accordingly, Defendants Lampe, GMBH and Zumro, Inc. prevail on their motions for summary judgment.

**ENTER:**

**DATED:**   October 1, 2007         _____/s/_____
                                     RAYMOND L. FINCH
                                     DISTRICT JUDGE